Good morning, Your Honor. May it please the Court. My name is Maysoon Fletcher, and I represent the appellant Treveon Mitchell in this case. At the outset, I'd like to withdraw Issue 1, which was asking the Court to consider whether his guilty plea was knowingly and intelligently entered. Instead, I am focusing on his sentencing, and I'm asking the Court to find that the judge abused his discretion in two ways and handed down a substantively unreasonable— I'm confused. On Issue 1, you're abandoning the arguments made in the brief? You want us to just pretend you didn't make them? Correct, Your Honor. I'm withdrawing that issue, and I have already apprised the government that we would be doing that today. So, meaning we don't – I guess in whatever disposition, we just say it's been withdrawn. It's withdrawn. Issue 1 is withdrawn. Okay. You don't want the plea to be undone? Correct. He has pled guilty, he has accepted responsibility, and he wants to keep it that way. So, I'm asking the Court today to remand his case for resentencing. On the enhancements? On the guideline enhancements. And the first argument is that the Court abused its discretion when, at the change of plea hearing, it said it would not bring in his state charges and cut off his Sixth Amendment right to trial on those issues, which were pending trial in state court, and would just focus his sentencing on the federal violation. The government then said it does not object and that it understood that the outcome of those state charges would affect his sentencing. And it went further to say that if he was convicted on those state charges, then the guideline enhancement for related charges might apply. So, your theory – I was just trying to figure out, and this is helpful – your theory is that the district court, by making those statements, said absent the state conviction, we cannot apply the enhancements. That is correct. And this was at the outset of his change of plea before he pled guilty. Does that – I mean, is there any basis in the law for that? I mean, because I'm not sure whether what the district court said, you know, whether your interpretation of that is reasonable or not. But even if the district court said that, it wouldn't – I mean, in a way, in a weird way, that almost goes to the argument you've given up, which is the knowing and a waiver or whatever. But setting that aside, I don't understand why that makes it a sixth amendment. Because it's very clear that a federal district court can make findings under a preponderance of the evidence standard for enhancements. And so you're kind of making a weird argument that the district court somehow gave up that right and that you, your client, took advantage of that and pled guilty with the understanding that these enhancements would be off the table, which seems unusual. It is very unusual, Your Honors, and acknowledge that this is a very unusual case where that is exactly what happened at his change of plea. The judge said, I'm not going to bring those things in. But if the plea is valid, then when we get to sentencing, the judge is obligated to apply and follow the sentencing guidelines. And if the sentencing guidelines call for an enhancement to be applied if particular facts exist, and the government asks for that and the probation office recommends it, then the judge has to apply it if the facts are established. And whether or not the state convicted him just doesn't matter. So I don't understand how this – I mean, I understand the merits argument that, well, I don't think that it was correctly applied on the facts. But I don't understand an argument that the district court was somehow disentitled. It was obligated to apply the guidelines. And, Your Honor, I agree that under Morledge, under those circumstances where the judge in that case said, I am not going to consider related conduct at the time of sentencing, he made that announcement. In this case, Your Honor, this was an announcement that was made, an assurance that was made as part of his guilty plea. And the government affirmed that those guideline enhancements would not apply if he's not convicted. But let's – yeah, that's interesting. We'll hear from the government. But if the judge had gone the way you're saying, I think the government would be up here saying, wait a second, you didn't apply these enhancements that should have been there. I mean, the government clearly didn't have the same understanding because they advocated for the enhancements, didn't they? They did advocate for those enhancements 11 months later at sentencing, but that's not what they said would happen before he entered his guilty plea. That's where this is unique. Let's throw out another hypothetical. What if the district court judge said, look, I understand that the statutory minimum is five years, but I'm not going to apply that. I'm going to do a – I'm just going to pretend that the statutory minimum is two years. And based on that representation, your client says, okay, I'll plead guilty then. I mean, we wouldn't say, oh, well, you get the benefit of some misstatement by the district court that was unlawful and you get to rely on that and it's a Sixth Amendment violation not to be able to rely on it. So it's just when I'm really struggling on this Sixth Amendment argument. I understand your logic there, Your Honor. I think the distinction is that if the court said I'm not going to give you the mandatory statutory minimum, that's a statute he'd be violating. This is a situation where they're talking about guideline enhancements that are discretionary. Now, he does have to – They're discretionary, but you still have requirements. He has to calculate them. But I think the remedy would have been – Well, not only does he have to calculate them, but he would have to explain a deviation from them. And the deviation would be explained very easily that at the time that you changed your plea, we all agreed these enhancements are not going to apply to you because you are still pending trial on those issues. So he should have varied down to remedy what he said would happen. I don't think we could uphold that. I don't think that a district court can say – I mean because that would be an unlawful statement. That's the problem here is that the condition that you are saying you relied upon was unlawful. The district court couldn't do what you claim you relied on. Well, I believe he could do it by giving him the guideline calculations and then saying, okay, because when you entered your plea, we said we were not going to count this stuff against you. But none of that is actually in the plea transcript because all that the prosecutor said is that the outcome of the State case obviously would have an impact on the appropriate sentence in this matter, and we believe it would be appropriate essentially to hold off on sentencing in this case until that matter is adjudicated because Mr. Mitchell might be entitled to seek a concurrent sentence as opposed to a consecutive sentence. If he's found guilty of charges that relate to the possession of the firearm, the enhancement might apply, but that is best adjudicated in that separate criminal matter in the State. None of that says that if they don't go in that order that he's somehow been carved out of the guidelines and is free to ignore the guidelines. That doesn't say that. This just correctly says that if the State court goes first, a lot of those findings may be problematic for him at sentencing. And then later the court says you also understand that any relevant conduct of yours, whether charged in the indictment or not, might still be considered in the presentence report and might increase the sentence to be imposed by the court. Yes, sir. So I know you've given up the argument, but on the way, but he didn't make this whole notion that there was a promise not to apply this is all a fiction on this record as I see it. Am I wrong? I don't see the promise that you're claiming. I understand, Your Honor. And I can understand how you can interpret it that way. It's my impression that they were talking about what would happen at sentencing and as long as he still had charges pending, that those enhancements would not apply. But this can't reasonably be read as a I'm promising you that I'm going to defy the guidelines. I'm going to ignore what they tell me to do. I'm going to give you a break that the guidelines say I can't do. None of that is in here. I understand, Your Honor. The other way, however, that the court did abuse its discretion is by expanding the scope of 2K2.1b6b where the court enhanced him four extra guideline points, finding that his mere knowledge of the presence of the firearm emboldened him to commit the state felony charges. But I'm not sure that was just the knowledge. I mean, the language says used or possessed any firearm, right? Correct. Okay. I mean, how is this not a use? I mean, first of all, there was possession. I mean, he didn't brandish it, but it doesn't require brandishing. It says use or possess. We know that there was possession. You're not contesting possession, right? No. There was constructive possession. It's undisputed that the firearm at all times, at all relevant times, with a top shelf of a bedroom closet, never touched, never brandished. Did he threaten to shoot her? She alleged in her statements that he threatened to shoot her. Yes, Your Honor. However, the problem is he couldn't rebut that testimony. He could not testify on his own behalf because he was still pending charges in State court. So he couldn't get up and tell you what he did or did not say. So we have this one statement from the Ms. Mohano who says that he threatened at some point. Okay, so your argument is basically an insufficiency of the evidence because of this technicality. Yes, Your Honor. Because you agree that if we accept her testimony, that satisfies preponderance of the evidence standard to impose the enhancement. It might satisfy it if you accept her testimony without his ability to rebut it. However, my concern is that the Rutan case, which is a Ninth Circuit case which provided the emboldening provision under that guideline provision, said that if in the event that the government is relying on physical possession of a firearm use or possession, then it may facilitate or potentially facilitate another felony offense. The judge in this case took it one step further and said that his knowledge of the possession, not the possession itself, but the knowledge of the possession was sufficient to enhance him. And I think that's taking it a step further. Knowledge of the presence? Knowledge of the presence of the firearm was enough. But that's – but the judge also said he threatened the shooter. So why wouldn't we take – it's true that he said knowledge of the presence of the gun, but he also said he threatened the shooter. So you put those two things together. He knows there's a gun. He's threatening to use it. I think you're asking us to read this one statement in isolation from what the rest of the judge said, I think. Why am I wrong on that? Well, Your Honor, I agree that the court did find under these circumstances, without his ability to testify on his own behalf, that her hearsay statement was that at some point he said he would shoot her. And then you add to that, and there's a gun that he knows about and is available to him.  So that's a lot more than just some – he knew there was a gun, which I think is what you were arguing. That's a tough argument to make when you add in that the judge specifically found that he threatened the shooter. I understand, Your Honor. I agree that that is what – It seems like your argument kind of reduces to the point you're making about the fact that he couldn't rebut this, that he had threatened to shoot her. That is a big part of it because he had pending state charges. There's no way he could rebut what was being said, and it's undisputed that firearms on the top shelf never touched and were just taking one person's statements out of court for his extra four points. Ultimately, he got an extra five years of time for this related state conduct. Can I ask you about your 5G 1.3 argument?  So is your argument that you were entitled to a different result under the terms of that provision? You weren't arguing for some kind of a departure for a case not covered by that position. Your argument was that the terms of that provision required a different outcome, correct? That is correct, Your Honor, yes, that he should have given him credit for the time he'd already been sitting in custody on the related case where he's giving him an extra five years but not credit him for the time that he's sitting in custody on that case. Is it correct – the government says it's not on the record, but they do highlight it in their brief – that the BOP has in fact given him that credit? The BOP has given him some of that credit at the moment, but the BOP could change its mind at any time because genuinely, they shouldn't have given him that credit, and it should have been provided by the court. Certainly, White v. U.S. Supreme Court's case says that the purpose behind that provision – So you're worried there's a risk that the BOP will realize that – Correct. It has been credited against another sentence and therefore doesn't fit the Wilson case and the statute cited within it. Is that the risk? Yes, the risk is that the BOP is going to correct what it's done and he's not going to get that credit anymore. And I'd like to reserve the remaining time, Your Honors. Thank you so much. Thank you. Good morning. May it please the Court, Melanie Smith appearing for the United States. Your Honors, Mr. Treveon Mitchell's – neither his Fifth nor his Sixth Amendment rights were affected in any way or violated in any way by either what happened at the change of plea hearing or at the sentencing hearing. Can you address – I mean, feel free to address it all, but this idea that he couldn't contest her testimony and therefore that creates a Sixth Amendment violation. Yes, Your Honors. So, as the case law is clear, even in cases cited by the defendant, defendants have to make difficult decisions all the time when it comes to their Fifth Amendment rights of when to stay silent, when to speak up. But the courts have been very clear that nothing that happens at a federal sentencing hearing affects the defendant's Sixth Amendment right to trial, which, as Your Honors have pointed out, is a specific trial right. So, that would have been what happened in the State or his due process Fifth Amendment rights. The judge in this case took great pains to make sure that he never required the defendant to admit to anything, any facts that would have affected the charges that were pending in the State. And under El Santé, which I recognize is a Sixth District Circuit case but was cited by the defendant, that court said the same thing. Those facts were very similar as to the case in front of us. And, yes, the defendant has to make a difficult choice at the sentencing hearing as to what to say, but it's his choice to make. Can I ask about this 5G 1.3 issue? Because looking at this, I had exactly the same question that counsel just raised, which is that I understand, and you say in your brief that BOP is giving them the credit and you put a CF to the Wilson case, but, I mean, if you look at 3585 and Wilson, it seems that the BOP was wrong to do that because 3585 says that you're only eligible if the sentence has not been credited against another sentence, and it was credited against the State sentence. So, why isn't counsel correct that the BOP may decide after we rule the next day well, actually, no, that's wrong. We're going to take away the credit because it's been credited. See the Wilson case. Why isn't that a real risk so that that should just be set aside, the fact that they've given them that credit? Yes, Your Honor, and first I want to make note that was a misstatement in the government's brief that it's not in the record before the court. It is completely within the record before the court. And if you look at page one of the defendant's brief, it notes that the defendant was brought into federal custody on March 13th of 2024, which was when he was sentenced. And then if you go to their citation to the BOP website, his current projected release date is September 27th of 2029, so that's about five and a half years. Clearly, the release date that's on the BOP website reflects the credit, but the question is, was the BOP wrong? I mean, legally wrong to give the credit and they're worried that they'll take it away tomorrow. The BOP was not wrong, Your Honor, and the reason being the court correctly under 5G 1.3 subsection C, which clearly states in an anticipated state sentence for relevant conduct, the judge must run the federal sentence concurrent, which he did, so when the state sentenced him, the state then credits, determines all the credit he gets, which included that pretrial detention period of nearly three years, and then the state gives him his sentence, and then because the BOP has been directed to run the federal sentence concurrent, it takes out all of the state time that he has served as calculated by the state, and that's exactly what happened here. The state credited him that three years, nearly three years, that he was in pretrial detention, so then when the BOP calculates his federal sentence, it deducts all of the state time, so that five and a half years, you add that three years credited from the state, that's eight and a half years, which is approximately 85% of the 10-year federal sentence, so that's what subsection C is intended to do under 5G 1.3, and that's exactly what happened. It worked as intended. He's required to run it concurrent to an anticipated sentence, which he did. The state gave him credit for all of that, and then the BOP took all of the state time and subtracted it from his federal sentence, and that's what he ended up with, so I don't, I don't, you know. Okay, but you represent the Department of Justice, which includes the Bureau of Prison, and you are representing to the court that the BOP is not going to take away this credit after we rule that that credit is going to stand. Your Honor, I can certainly not predict or any other agency's behavior. But if we rule based on this premise and then the BOP changes, he's going to have a 20 to 55 for something to undo because we ruled on a premise that was not correct. Your Honor, what I can represent is, as noted in the government's brief, the AUSA who wrote the brief did reach out to the Bureau of Prisons to get clarity on this issue, and they said they do exactly how I've represented, that when it's run concurrent to the anticipated state sentence, they take all the time the state has credited, which include his time in pretrial detention, and they subtract... Even if that time precedes the federal custody? Correct, correct. But are you also representing that if the BOP backtracked on that at a future date, 2 years from now, 3 years from now, whatever, and they changed their mind, then that would make their argument meritorious? In the event that were to happen, I believe there could be an argument then. Because our understanding right now is as the facts are before us, which is the BOP has credited that time based on the state crediting that time and the sentence is running concurrent. He has a projected release date completely in line with crediting him all the way back to the very first day he was in custody, either with the state or the federal government. I would also like to address what I think is the big issue that was discussed prior to me coming up here, which was this idea of importing the state case and the judge saying... And I think it's very important to put that into context because clearly we have... You didn't have that understanding. You didn't have the same understanding and as Judge Collins read, maybe rightfully so, you didn't have that same understanding, but you never went in and... You still argued for the enhancements, right? Yes, that's correct, Your Honor. And the reason we didn't have that understanding is if you look at the sequence of events, the defendant said to the court, hey, I want to plead guilty. Here's my memorandum in support of my guilty plea, which included facts only to the very specific elements of felon in possession of a firearm. The government attorney submitted a memorandum in support, which included an expansive amount of facts that would have required him to admit to conduct that was being charged in the state. And so the judge came in and said, hey, I'm not going to do that because that might affect your right to a fair trial in the state. I am only going to have you admit to the facts in the defendant's memorandum, which only applies very specifically to felon in possession of a firearm. And that is what that statement was towards, just as to what he was going to have to admit to in court. Nothing else. As Judge Collins pointed out, the court very clearly said at his change of plea, I have to consider all relevant conduct at your sentencing. And the defendant said, yes, I understand. I agree that you do. The court also said, and your attorney has explained how the guidelines work, how they're calculated, how they might apply. Yes, absolutely. So when you look at those statements together with the broader sequence of facts, at no point did the court promise, nor did the government agree, that none of that information would be taken into account when determining what guidelines are appropriate to his sentence. And so at the sentencing hearing, the judge painstakingly went through the base offense level, each enhancement, what evidence he was relying on. He actually applied the greater clear and convincing standard, even though he was only required to apply the preponderance. He said, I find by clear and convincing why each of these enhancements apply. He was very detailed in that pronouncement when determining the guidelines. The guidelines, after he calculated them, would have been 110 to 137 months, but he capped it at 120 months, as that's the statutory maximum sentence for this charge, and then pronounced sentence based on this very detailed recitation and what the government argued for in its sentencing memo and the submissions that it included with it. What about this last argument? She didn't touch on it in the opening argument, but that the 120 months that the district court misstated when he said 120 months was at the low end, it's a low-end guideline sentence. First of all, was it a misstatement? And second of all, does it even matter whether it was? Your Honor, it was a misstatement, and it was a clear misstatement because, as I've said, the judge very painstakingly, in a lengthy sentencing hearing, went through the guideline calculations, then pronounced the guidelines on the record as being 110 months to 120 months. Both parties, the defense and the government, argued... Well, the guidelines would have gone above 120 months. It was 137? That's correct, Your Honor. But he even pronounced, I have to stop at 120 because that's the statutory maximum. He made that clarification. Both parties, when they were arguing for an appropriate sentence, were very focused on this number of 120 months, the defense arguing why it was too high, the government arguing why it was appropriate. The judge said multiple times, 120 months will be the sentence. So at the very end, he did make this misstatement, as to the low end. I don't think one slip-of-the-tongue misstatement nullifies the 30-, 40-minute hearing that had just occurred, where he was very detailed and very painstaking in going through the guidelines and what the sentence would be. If there are no further questions, I will submit the rest of my time. Okay. Thank you. Thank you. Thank you, Your Honors. So I'd like to just... I just had a question. Yes. So in light of what the government counsel said, is the 5G 1.3 issue sort of... I'm trying to understand whether there's any issue left there. Is there some portion of the credit that you think wasn't correctly calculated, or has he, in fact, been given credit for the entirety of the time he spent in state custody under the current BOP calculation? So the calculation doesn't cover the entire time he was in state custody, because he was in state custody from February 6th, the date of the offense, until the date of his federal sentencing in March of 2024. The BOP has apparently given him credit until January instead of March of 2024. I do not know how the BOP has calculated this, but I can tell you that I also spoke to the same BOP representative that the AUSA shared with me, and he was not confident that this would remain that way, and he said, when this outcome of this case is done, just send it over to him, and they'll figure out how the credit... what credits would apply and so forth. So I'm not... There's a fairly clear, you know, concession from government counsel that if the BOP essentially double-crosses on this, that maybe this is going to come back to the courts. And it may have to, Your Honors. My concern... Well, but if we issue a disposition that just says, look, you've got to do it this way. If you don't, it's error, and that was conceded. I mean, isn't that enough for you, that you could then take our disposition, send it over to them and say, hey, the court said you got to do it this way? I honestly think that might remedy a potential failure from the BOP and the court in this particular situation. Because everybody seems to agree on that. I mean, that's the oddity here, is at least counsel, there's really no disagreement on how this should work. You have a justifiable concern that it either hasn't totally worked that way or might not in the future. If we just clarify that in an order, I think you get what you want. Potentially, Your Honor. That might be sufficient for both the BOP and the court. But the BOP definitely has not given him credit for that full amount of time. And I do think that the court misinterpreted that guideline. If you're going to give him five extra years of time, you need to give him credit for the time he's already been sitting on that contract. I think you have a concession that you're right about that from the United States, I think. Thank you, Your Honors, for the time to be before you. It's really been an honor. Thank you. Thank you to both counsel. The case is now submitted.
judges: NELSON, COLLINS, VANDYKE